# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4532 | **DATE** | July 20, 2011 |
| **CASE TITLE** | Eugene I. Obiazi (K71301) vs. Officer Tran, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $52.77 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The United States Marshals Service is appointed to effectuate service on defendants. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

  Pro se plaintiff Eugene I. Obiazi, presently an Illinois Department of Corrections inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 against three Waukegan, Illinois police officers alleging that they used excessive force by improperly tasering him during an arrest. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint (Dkt. No. 1), for an initial review pursuant to 28 U.S.C. § 1915A, and his motion for appointment of counsel. (Dkt. No. 4).

  The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $52.77. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

  Turning to an initial review of the complaint, plaintiff has set forth a claim for the use of excessive force by the defendant police officers. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861-62 (7th Cir. 2010) (excessive force claim involving taser); *Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010) (taser related claim). The Court recognizes that plaintiff alleges that defendant officers Biegay and Tran used the taser on him while Sergeant Navarro was on the scene. Even if Navarro was a bystander, he may still be liable if he knew

| STATEMENT |
|---|

that his fellow officers where going to use inappropriate force, and failed to take any actions to stop it. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Plaintiff's complaint is sufficient to allege a cause of action against all defendants. He may proceed with his complaint.

The Court notes that plaintiff includes the police reports as exhibits to his complaint and the reports paint a different picture of the evening. Although these police reports raise the specter of a potential estoppel defense, *Allen v. McCurry*, 449 U.S. 90 (1980); *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010); *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005), the Court will leave this point to defendants to investigate further. Plaintiff does not allege the elements of a defense in his complaint, he has not pled himself out of court. *See U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). This is understandable because a complaint is not required to anticipate or otherwise plead around an affirmative defense. *Davis v. Indiana State Police*, 541 F.3d 760, 763-64 (7th Cir. 2008).

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff alleges that he has attempted to obtain counsel on his own. However, the Court concludes that the complexity of the case does not require appointment of counsel at this time. He provides a coherent and articulate complaint that has states a plausible claim against the defendants. Neither the legal issues raised in the complaint nor the evidence that might support his claim are so complex or intricate that a trained attorney is necessary. The procedural posture of the case is also rather simple at this time. The next step in the litigation will be service of the defendants. Plaintiff simply needs to complete the USM-285 form which will be mailed to him by the Marshal Service. Plaintiff's request for counsel is denied.

The clerk shall issue summonses for all defendants forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former employees who no longer can be found at the work address provided by the plaintiff, the City of Waukegan, Illinois and the Waukegan Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in

| STATEMENT |
|---|
| care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.<br><br>In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $52.77 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The United States Marshals Service is appointed to effectuate service on defendants. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. |